ALL DAVIS et al. v. STATE.

No. A-5926.  Opinion Filed Aug. 5, 1927.
(258 Pac. 1064.)

Jas. A. Embry, for plaintiff in error.

The Attorney General, for the State.

DOYLE, P. J.  The information in this case jointly charged All Davis, Lee McNutt, and Walter Gilbert with the unlawful possession of a still and worm, with the unlawful intent to manufacture spirituous liquors. The defendant Walter Gilbert entered a plea of guilty. On the trial of appellants, the jury returned a verdict finding them guilty, and fixing the punishment of each at

a fine of $50 and imprisonment in jail for 30 days. From the judgment rendered in pursuance of the verdict they appeal, and assign as error the insufficiency of the evidence to sustain the verdict and judgment, but no brief has been filed and no appearance made in behalf of appellants in this court.

The testimony of the sheriff and undersheriff show that on the date alleged, in executing a search warrant, they visited the premises occupied by the defendant Gilbert, and there found a still in operation, and the defendants Gilbert and McNutt were running the still. Later the defendant Davis appeared in a Ford car containing four or five jugs and several bottles. For the defense, the defendant Gilbert testified that he was the owner of the still and was operating it; that the other defendants had nothing to do with it. The defendant Davis testified that he had been asked to take those jugs to the defendant Gilbert's place; that he had nothing to do with the still.

The defendant McNutt testified that he lived a mile north of Gilbert's place, and rode down to see Mr. Gilbert, tied his horse to the barn door, and walked down to the road to where Gilbert was making whisky in a ravine, and took Gilbert's flash light and was looking at the still when the officers came there; that he had never seen a still before, and had never been engaged in operating a still, and had never taken a drink of whisky in his life.

Under the Constitution and the laws, no court, either trial or appellate, has a right to constitute itself a trier of facts, and thus invade the province of the jury and pass on the credibility of the witnesses and the weight of the testimony. The officers swore positively that the defendant McNutt was operating the still when they came upon him. The facts and circumstances in evi-

dence as to the defendant Davis' connection were sufficient to warrant the submission of the case to the jury.

Finding nothing in the record indicating improper motives or prejudice on the part of the jury, the judgment appealed from is affirmed.

EDWARDS and DAVENPORT, JJ., concur.